UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOMAS ORTEGA and FRANCISCO ORTEGA, <br><br> Plaintiffs, <br><br> -v- <br><br> FROZEN DELI & GROCERY, INC., et al., <br><br> Defendants. | CIVIL ACTION NO. 24 Civ. 1231 (JLR) (SLC) <br><br> **ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

The Honorable Jennifer L. Rochon has referred this matter to me for a report and recommendation (ECF No. 34) regarding Plaintiffs' Motion for Default Judgment and Damages (ECF No. 29 (the "Motion")). On August 2, 2024, Plaintiffs filed a memorandum of law, declarations, billing records, and wage calculations regarding Defendants' liability and their requested damages, accrued attorneys' fees, and costs (ECF Nos. 31–33 (the "Damages Submissions")). In support of their request for $724.00 in costs, Plaintiffs submitted an internal firm record stating that they had accrued $229.00 in "[u]ncategorized" costs, spent $90.00 for service of process, and spent $405.00 on court filing fees. (See ECF No. 31-6 at 2). Plaintiffs did not, however, provide any invoice or receipt to assist the Court in discerning what their "[u]ncategorized" costs consist of, let alone to substantiate and verify those costs. So too is Plaintiffs' request for reimbursement of their accrued service costs unsupported by an invoice or receipt.

If Plaintiffs wish to receive an award inclusive of their requested costs, they must provide "underlying documentation for [the] costs and disbursements requested." Allstate Ins. Co. v. Yehudian, No. Civ. 144826 (JS) (AKT), 2017 WL 8788257, at *6 (E.D.N.Y. Aug. 23, 2017),

1

adopted by, 2017 WL 4023134 (E.D.N.Y. Sept. 13, 2017); see Joe Hand Promotions, Inc. v. Elmore, No. 11 Civ. 3761 (KAM) (SMG), 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013) (taking judicial notice of the filing fee but declining to award counsel service costs due to absence of documentation); Li Ping Fu v. Pop Art Int'l Inc., No. 10 Civ. 8562, 2011 WL 4552436, at *5 (S.D.N.Y. Sept. 19, 2011); Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc., 702 F. Supp. 2d 104, 120 (E.D.N.Y. 2010).  In other words, internal firm records alone do not suffice.  Accordingly, the Court orders as follows:

1. By **Wednesday, October 16, 2024**, Plaintiffs shall (i) submit evidence other than internal firm records—e.g., receipts and invoices—to substantiate their requested costs (the "Supplemental Submission"), and (ii) serve the Supplemental Submission on Defendants and file proof of service on the docket.

2. By **Wednesday, October 30, 2024**, Defendants shall submit any response to Plaintiffs' Supplemental Submission.  IF DEFENDANTS (1) FAIL TO RESPOND TO PLAINTIFFS' SUPPLEMENTAL SUBMISSION, OR (2) FAIL TO CONTACT MY CHAMBERS BY **OCTOBER 30, 2024** AND REQUEST AN IN-COURT HEARING, I INTEND TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES BASED ON PLAINTIFFS' WRITTEN SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) ("'[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.'" (quoting Fustok v. ContiCommodity Services Inc., 873 F.2d 38, 40 (2d Cir. 1989))).

Dated: New York, New York
October 9, 2024

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

3